UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HOWARD WILLIAMS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE ROBERSON JEUDY (SHIELD #6220), DET. CHRISTOPHER SCHILLING (#6516), DET. BRIAN MCSWEENEY (#3038), DET. MICHAEL PETITTO (#2233), DET. WANDA CHALAR (#1952), DET. CARLOS THOMAS (#6541) and DET. CLAUD-ANGEL BEAUDOUIN (#1189).

                              Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

**11-CV-2946 (SJ)(SMG)**

------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on August 5, 2010, defendants falsely arrested him, employed excessive force, maliciously prosecuted him, and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.     Plaintiff is a citizen of the United States and a resident of Brooklyn in the City and State of New York.

5.     The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6.     Detectives Roberson Jeudy, Christopher Schilling, Brian McSweeney, Michael Petitto, Wanda Chalar, Carlos Thomas and Claud-Angel Beaudouin are members of the New York City Police Department who were acting under color of state law and in their capacity as a City law enforcement officers at all relevant times.  Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Defendant's are sued in their individual and official capacities.

## STATEMENT OF FACTS

7.     On August 5, 2010, at approximately 9:25 a.m., Plaintiff was lawfully riding his bicycle along Gates Avenue near Nostrand Avenue in Brooklyn, New York.

8.     An NYPD police van approached Plaintiff from behind and struck him, causing Plaintiff to fall from his bicycle to the curb.

9.     Defendant Officers handcuffed Plaintiff, placed him in the van and drove around for some 15 to 20 minutes.

10. Plaintiff was transported to the 79th Precinct, where he was subjected to a strip search.

11. Defendant Officers did not call EMS, nor did they transport Plaintiff to any medical facility for treatment injuries sustained as a result of falling off the bicycle.

12. Plaintiff was transported to Brooklyn Central Booking, where he was charged with possession of marijuana and resisting arrest.

13. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of possession of marijuana and resisting arrest.

14. Plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

15. Plaintiff sustained injuries as a result of the incident, for which he required medical care at Woodhull Hospital immediately following his arraignment.

16. On motion of the District Attorney all charges against Plaintiff were subsequently dismissed.

17. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

18. On August 25, 2010, within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

## FIRST CLAIM
### (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of **his** confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM
### (STATE LAW FALSE ARREST)

26. Plaintiff repeats the foregoing allegations.

27. Defendants violated the New York State Constitution and the laws of the State of New York because they arrested plaintiff without probable cause.

28. Plaintiff was aware of his confinement and did not consent to it.

29. The confinement was not otherwise privileged.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM
### (§1983 UNREASONABLE FORCE)

31. Plaintiff repeats the foregoing allegations.

32. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

### (STATE LAW ASSAULT AND BATTERY)

34. Plaintiff repeats the foregoing allegations.

35. Defendants violated the New York State Constitution and the laws of the State of New York because they arrested, assaulted, and battered plaintiff, employing a degree of force unnecessary and unreasonable under the circumstances.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FIFTH CLAIM

### (§1983 FABRICATION OF EVIDENCE)

37. Plaintiff repeats the foregoing allegations.

38. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

39. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

40. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM

### (§1983 MALICIOUS PROSECUTION)

42. Plaintiff repeats the foregoing allegations.

43. Defendant Officers commenced a criminal proceeding against Defendant.

44. Such proceeding terminated in favor of Plaintiff.

45. No probable cause existed for the commencement of the criminal proceeding.

46. Defendant Officers commenced the proceeding with actual malice.

47. In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SEVENTH CLAIM

### (STATE LAW MALICIOUS PROSECUTION)

49. Plaintiff repeats the foregoing allegations.

50. Defendant Officers commenced a criminal proceeding against Defendant.

51. Such proceeding terminated in favor of Plaintiff.

52. No probable cause existed for the commencement of the criminal proceeding.

53. Defendant Officers commenced the proceeding with actual malice.

54. In maliciously prosecuting Plaintiff, Defendants violated the laws of the State of New York.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## EIGHTH CLAIM

### (§1983 "MONELL" CLAIM)

56. Plaintiff repeats the foregoing allegations.

57. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

58. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

59. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

60. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

61. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

62. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED:      October 5, 2011

New York, New York

_____
**CHRISTOPHER WRIGHT**
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419