

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Suzanna Publicker**<br>*Assistant Corporation Counsel*<br>spublick@law.nyc.gov<br>(212) 788-1103<br>(212) 788-9776 (fax) |

December 8, 2011

**VIA ECF**
Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

      Re:    Howard Williams v. City of New York, et al.
                 11 CV 2946 (SJ)(SMG)

Your Honor:

      As counsel for defendants in the above-referenced action, I write to inform the Court that the parties have reached a settlement. In connection therewith, I enclose a fully-executed STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL to be so ordered by Your Honor. We respectfully request that Your Honor endorse the enclosed STIPULATION.

      We thank the Court for its time and attention to this request.

      Respectfully submitted,

      /s/

      Suzanna Publicker (SP 1005)
      Assistant Corporation Counsel

Enc.

cc:    Christopher Wright, Esq. (By ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HOWARD WILLIAMS,

                                Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE ROBERSON JEUDY (SHIELD NO. 6220), DETECTIVE CHRISTOPHER SCHILLING (SHIELD NO. 6516), DETECTIVE BRIAN MCSWEENEY (SHIELD NO. 3038), DETECTIVE MICHAEL PETITTO (SHIELD NO. 2233), DETECTIVE WANDA CHALAR (SHIELD NO. 1952), DETECTIVE CARLOS THOMAS (SHIELD NO. 6541), and DETECTIVE CLAUD-ANGEL BEAUDOUIN (SHIELD NO. 1189),

                                Defendants.

------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11CV2946 (SJ) (SMG)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about June 20, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York and Detective Roberson Jeudy have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay Ten Thousand Dollars ($10,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        December 8, 2011

| | |
|---|---|
| CHRISTOPHER WRIGHT<br>*Attorney for Plaintiff*<br>305 Broadway, Suite 1400<br>New York, NY  10007<br><br>By: _____<br>     Christopher Wright<br>     *Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City of New York and Jeudy*<br>100 Church Street, Rm. 3-200<br>New York, New York 10007<br><br>By: _____<br>     Suzanna Publicker<br>     *Assistant Corporation Counsel*<br><br>SO ORDERED:<br><br>_____<br>HON. STERLING JOHNSON<br>UNITED STATES DISTRICT JUDGE |

Dated: New York, New York
       _____, 2011

4